**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| OSCAR DOMINGO ORTIZ BARRIENTOS, | No. 24-6532 |
| | Agency No. |
| Petitioner, | A216-258-103 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2026**

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Petitioner Oscar Domingo Ortiz Barrientos, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. To be eligible for asylum, Petitioner must establish "that he has suffered past persecution or has a well-founded fear of future persecution" on account of a protected ground. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing 8 U.S.C. § 1101(a)(42)). Fear of future persecution must be objectively reasonable. *Id.* at 1029. Withholding of removal requires a showing that Petitioner has suffered past persecution or faces "a clear probability of persecution" in the future—a "more stringent" standard than for asylum. *Canales-Vargas v. Gonzales*, 441 F.3d 739, 746–47 (9th Cir. 2006). We review the agency's findings about past or future persecution for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 850, 853–54 (2026) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the agency's conclusion that the threats Petitioner received did not rise to the level of persecution. "Threats standing alone … constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal quotation marks and citation omitted); *see Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution …."). Here, although MS-13 gang members threatened to kill Petitioner or his family if he

stopped paying them every week, Petitioner, his employee, and his family were never physically harmed. Petitioner continued to operate his clothing store for five months after he stopped meeting the gang's demands without ever being harmed. Petitioner's family still lives in the same house, and Petitioner's former employee continues to live in the same town, yet none of them have been harmed. The record therefore does not compel the conclusion that Petitioner's past experiences rose to the level of persecution.

Substantial evidence also supports the agency's conclusion that Petitioner does not have an objectively reasonable fear of future persecution sufficient to meet the standards for asylum or withholding of removal. The fact that Petitioner's family continue to live safely in El Salvador undermines Petitioner's fear of future persecution. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) ("[A]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident." (citation omitted)). Moreover, the record indicates that police in El Salvador successfully arrested and imprisoned several gang members who harassed Petitioner's family. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (requiring, for withholding of removal, that a petitioner prove that the government would be "unable or unwilling to control" potential persecutors (citation omitted)). A government "is not unable or unwilling to control violent nonstate actors when it

demonstrates efforts to subdue said groups." *Hussain*, 985 F.3d at 648 (internal quotation marks and citation omitted). The record therefore does not compel the conclusion that the government would be unable or unwilling to protect Petitioner.

2. On appeal, Petitioner does not challenge the agency's conclusion that he waived any challenge to the agency's denial of CAT relief, and he has therefore forfeited the issue. *Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) ("[A]rguments … omitted from the opening brief are usually deemed forfeited." (internal quotation marks and citation omitted)).

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal pending appeal (Dkt. No. 4) is denied.